UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. YORK, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:04-cr-00016-SEB-DKL-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**SUMMARY MOTION TO VACATE JUDGEMENT UNDER 28 U.S.C. § 2255**

Petitioner, Christopher M. York, Jr., by counsel, Sara J. Varner, moves the Court, pursuant to 28 U.S.C. § 2255, for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and under *Welch v. United States*, 136 S.Ct. 1257 (2016), and in support states:

Mr. York's conviction under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Likewise, Mr. York's career offender enhancement under U.S.S.G. § 4B1.1 must also be vacated.

On May 10, 2004, Mr. York was convicted of one count of armed bank robbery, and one count of using a firearm during in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count 2). On May 10, 2004, this Court sentenced Mr. York to 300 months.

**1.     Mr. York's § 924(c) conviction is void after *Johnson*.**

The § 924(c) count of conviction alleged that Mr. York used a firearm during and in relation to a "crime of violence." Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was an armed bank robbery. However, post-*Johnson,* armed bank robbery

categorically fails to qualify as a "crime of violence." Therefore, Mr. York is actually innocent of the § 924(c) offense, and his conviction cannot be sustained.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[1] The § 924(c) residual clause is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, an armed bank robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, an armed bank robbery offense categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause. Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

---

[1] Under § 924(c)(3), "crime of violence" is defined as follows:

    (3)    For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

        (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another [known as the force clause], or

        (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [known as the residual clause.]

As a result, Mr. York's § 924(c) conviction violates 1) due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction.

2. **Mr. York is no longer a career offender after** *Johnson.*

This Court found Mr. York to be a career offender under U.S.S.G. § 4B1.1 after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement. The court sentenced Mr. York as a mandatory career offender because his sentencing took place before *United States v. Booker*, 543 U.S. 220 (2005), when the sentencing guidelines became advisory. Specifically, the Court found that Mr. York had two convictions that qualified as "crimes of violence" under U.S.S.G. § 4B1.2.

After *Johnson*, Mr. York's instant offenses of conviction – both armed bank robbery and Mr. York's prior conviction for criminal recklessness resulting in serious bodily injury and battery resulting in serious bodily injury no longer qualify as "crimes of violence" under any portion of the career offender definition:[2]

---

[2]   Under the career offender provision, a prior offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

(1)   has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

- The convictions fail to qualify under the career offender residual clause because the clause – which is identical to the ACCA residual clause – is void for vagueness;

- The convictions fails to qualify under the force clause because they do not have an element the use, attempted use, or threatened use of physical force against the person of another; and

- The convictions fail to qualify under the enumerated offenses clause because they are not generic burglary of a dwelling, arson, extortion, or use of explosives.

Therefore, in light of *Johnson*, Mr. York's career offender sentence is unconstitutional in violation of due process.

Mr. York is entitled to relief under the above-referenced claims under 28 U.S.C. § 2255(a). Mr. York's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. York respectfully requests that this Court grant his § 2255 motion, vacate his § 924(c) conviction and his ACCA and career offender sentences.[3]

---

(2)   is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

[3]   To be clear, even if this Court finds that Mr. York is entitled to § 2255 relief on his § 924(c) claim, but not his career offender claim, this Court should still vacate Mr. York's entire sentence

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

s/Sara J. Varner
Sara J. Varner
Assistant Federal Public Defender
111 Monument Circle, Ste. 2150
Indianapolis, IN 46204
(317) 383-3520

**CERTIFICATE OF SERVICE**

I certify a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Sara J. Varner*
Sara J. Varner

---

and re-sentence him on all counts. All of these counts were sentenced together as a package. In turn, this Court now has the authority under the sentencing package doctrine to unbundle the entire sentence and begin the sentencing process anew.